(Decided August 13th, 1859.)

---

ROBERT MOORE and CHAS. MOORE, garnishees of BENJ. W. QUINLAN *vs.* JOHN HEANEY.

By a written contract, Q. agreed, "for the consideration of *five per cent.* on the entire *amount of cost* of said building, to erect, superintend and otherwise direct the erection of " a certain warehouse, for the other parties to the contract.   HELD:

That Q. was an "*employee*," and the "*five per* cent." compensation, mentioned in this contract, are "wages or hire," within the meaning of the Act of 1854, ch. 23, which exempts from attachment "the *wages or hire* of a *laborer*, or *other employee*, in the hands of the employers," not actually due at the date of the attachment.

APPEAL from the Court of Common Pleas.

*Attachment* on judgment issued at the instance of the appellee and laid in the hands of the appellants, and Chas. Moore, trading under the name and style of Robert Moore & Brother, as garnishees.   The facts of the case, and the rulings of the court below, (MARSHALL, J.,) are sufficiently stated in the opinion of this court.

• The cause was argued before Le Grand, C. J., Eccleston, Tuck, and Bartol, J.

*P. McLaughlin*, for the appellants, argued that the money earned by Quinlan for superintending the work, under the the contract of the 29th of February, 1856, though named as a per centage on the cost of the work, is *wages*, and not liable to be attached if earned after the laying of the attachment in the hands of the garnishees, and that Quinlan was a *laborer* or *employee*, within the meaning of the Acts of 1852, ch. 340, and 1854, ch. 23, the latter of which exempts from attachment the wages or hire of any *laborer or other employee* in the hands of his employer, which are not actually due at the date of the attachment.

*T. P. Scott*, for the appellee, argued that the compensation of "five per cent. on the entire amount of said building," which was to be paid to Quinlan under his contract with the appellants, for his services in *superintending* and *directing* the work, is not such *wages* or *hire*, as are protected from attachment under the provisions of the Acts of 1852, ch. 340, and 1854, ch. 23.

*Note.*—The argument on other points is omitted.

Eccleston, J., delivered the opinion of this court.

John Heany, the appellee, who was plaintiff below, obtained a judgment in the Court of Common Pleas for the City of Baltimore, at September term 1854, against Benjamin W. Quinlan. Upon this judgment an attachment was issued on the 4th of March 1856, and on the 17th of the same month was laid in the hands of " Robert Moore, Charles Moore and Samuel Moore, trading under the name and style of Robert Moore and Brothers, as appears by the Sheriff's return. At September term 1856, the three Moores appeared and jointly pleaded *nulla bona*, upon which issue was taken.

The plaintiff filed interrogatories, to which the three Moores answered that they were not indebted to Quinlan at the time

the attachment was laid in their hands, and that he was not then, and had not since been, in their employment.

The case was tried at May term 1857, when the jury rendered a verdict for the plaintiff for $95.58, against Robert Moore and Charles Moore, and in favor of Samuel Moore against the plaintiff. Judgments were entered accordingly, and Robert and Charles Moore appealed.

The plaintiff's right to recover under the attachment is based upon an alleged indebtedness from the garnishees, or some of them, to the defendant, under and in virtue of the following contract:

"Agreement for the erection of a three story warehouse, made this twenty-ninth day of February 1856, between B. W. Quinlan, on the one part, and Robert Moore and Charles Moore, trading under the style of Robert Moore & Bro., on the other part.    B. W. Quinlan agrees, *for the consideration of five per cent. on the entire amount of cost of said building,* to erect, superintend, and otherwise direct, the erection of the said three story building, to be situated on the rear of store No. 223, Baltimore street, and further, that the work shall be done in a substantial and workmanlike manner, with as little cost and delay as possible, the said Robert Moore & Bro. to find all the materials and pay for the same, and it is understood that the said Quinlan shall not purchase any materials or contract for any work for the said building, without the consent of the said Moore & Bro., as to amount, quality and persons or person, of whom said materials are to be bought; and the said Quinlan agrees not to employ any workman or workmen but those who give satisfaction to the said Moore & Bro., as to their ability, sobriety and diligence, the said Moore & Bro. agreeing to pay said Quinlan for his workman or his workmen in person, the amount of their wages, from week to week, at the expiration of each week, and it is expressly agreed that no workman shall be left in arrear for work done on the said building, but every man must be paid in full for work done at the end of every week, and it is agreed that these articles of agreement be in force from the date of commencing to tear down the old building; and *further, that nothing*

is due the said B. W. Quinlan until the entire work on the building is completed.

*Robert Moore & Bro.*                    *B. W. Quinlan.*"

The garnishees submitted four prayers, all of which the court refused, and gave the following instruction to the jury:

"If the jury find from the evidence in the cause, that the defendant in the attachment made the contract which has been read in evidence, with the garnishees, or any or either them, as traders under the firm of Robert Moore & Brother, and that the defendant executed the said contract, and that there was due, or paid to the defendant, from the garnishees, or any or either of them, as co-partners, trading under the said style or firm, any sum of money after the issue of the writ of attachment in this case upon the account of the execution of the said contract, then the jury will find for the plaintiff the amount which they may find to have become so due, or to have been so paid, against such of the garnishees as they may find to have been co-partners of the said firm and parties to the said contract, provided, nevertheless, and the jury must so consider, that the opinion of the court is, that no moneys paid under the contract to or for the workmen or laborers employed by the defendant, or lumber, or other materials purchased and paid for by the garnishees through the defendant and used in the execution of the contract, is to be taken or deemed money subject to this attachment, or liable to be claimed of the garnishees as money due to or payable to the defendant."

The appellants' counsel insists that the court's instruction should not have been given, because the provisions of the Act of 1854, ch. 23, rendered the attachment in this case illegal and inoperative.

That act provides, "That no attachment of the wages or hire of a laborer or other employee, in the hands of the employers, whether private individuals, or bodies corporate, shall affect any salary or wages of the debtor, which are not actually due at the date of the attachment."

The title shows this to be amendatory of the Act of 1852, ch. 340, which enacts:

"That from and after the first day of July next, the wages

or hire of any laborer or other employee, in the hands of the the employer, when such wages or hire shall not exceed the sum of ten dollars, and when the amount of such wages or hire shall exceed the said sum, then ten dollars of the amount of such wages or hire shall be exempted from attachment, whether on warrant or on judgment."

The Act of 1852 protected wages or hire to the amount of ten dollars, only, but that amount was exempted, whether it was due before, or became due after, an attachment. The Act of 1854 makes no provision in relation to wages or hire due at the time of an attachment, and, of course, leaves them still regulated by the previous law. But the last Act makes a very important change in favor of laborers and other employees, in regard to wages or hire becoming due after an attachment, as it exempts all not *actually due* at the date thereof.

There is no proof that the garnishees, or any or either of them, owed anything to Quinlan, at the time of the attachment; and if there is any evidence tending to show an indebtedness, at any time, it was an indebtedness subsequent to the attachment, and arising under the contract which has been mentioned.

Now, if Quinlan can be considered either a laborer or an employee, and the five per cent., mentioned in the contract, can also be considered wages or hire, within the meaning of the Act of 1854, then the plaintiff had no right to attach the five per cent., or any part of it.

We suppose, it cannot be seriously contended that Quinlan was not an employee. He surely was employed by Robert Moore & Brother, to erect and superintend the building contemplated in the contract.

With reference to the persons entitled to exemption under the laws referred to, can it be a proper construction of those laws, to say, the Legislature intended to include laborers, only when the language used is, "*a laborer or other employee?*" A laborer, when engaged in service, under contract for compensation, is an employee, but after saying a "laborer" there is added, "or other employee." Surely, in this was meant more than a laborer, or else, why, after using that

Moore, *et al.*, garn., *vs.* Heaney.

word, add those which follow ?  If they only mean persons who are included within the meaning of the word laborer, they are mere tautology and useless.

In consideration of erecting and superintending the building, mentioned in the contract, Quinlan was to receive, as compensation for his services, five per cent. upon the cost of the building.  And this five per cent., in our opinion, should be regarded as his "wages or hire."

In 6 *Jacob's Law Dic.*, 382, and 3 *Tomlin's Law Dic.*, 655; "wages" are said to be, "The reward agreed upon by a master to be paid to a servant, or any other person which he hires to do business for him."

In addition to the above, as showing the meaning of the words "wages and hire," we refer to the definitions given of them by the following lexicographers:—Todd, Johnson, Walker, Richardson and Webster.

According to our construction of the Act of 1854, no part of the money which became due to Quinlan after the date of the attachment could be attached in the hands of his employers.  The instruction given by the court below, being inconsistent with this view of the subject, must be regarded as erroneous; and the judgment appealed from will be reversed, without ordering a *procedendo*.  It therefore becomes unnecessary to notice the prayers offered and refused, or any subjects discussed in argument, which have not been mentioned in this opinion.

*Judgment reversed,*<br>
*without a procedendo.*

(Decided January 10th, 1860.)