WILLIAM A. HOUSE *vs.* THE BALTIMORE AND OHIO RAILROAD COMPANY, Garnishee of J. V. MCNEAL.

*Attachment on Judgment to affect wages—Wages not due at the date of the Attachment, and ten dollars of wages actually due, exempted—36th sec. of Art. 10 of the Code—Act of 1874, ch. 45—Its object only to increase the amount of the Exemption.*

Section 36, of Art. 10 of the Code, embodies the substance of the Acts of 1852, ch. 340, and of 1854, ch. 23, by exempting from attachment all wages not ·actually due, and of the wages actually due, the sum of ten dollars.

The object of the Act of 1874, ch. 45, as it appears from its title, was only to increase the amount of the exemption. ʻThe section to be amended, and the amendment are to be read together, being in *"pari materia."* The proviso does not enlarge the class of wages, or salary subject to attachment, by extending the effect of the attachment to *wages not yet due,* but as to those debts existing prior to the Act of 1874, ch. 45, it limits the exemption to $10, as under the original Acts, or Article in the Code.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, MILLER, ALVEY, and ROBINSON, J., for the appellee and submitted on brief for the appellant.

*Theos. B. Horwitz,* for the appellant.

· The only question in this case for the determination of the Court, is the construction of the Act of 1874, ch. 45. Under the provisions of that Act, the appellant is entitled to recover the entire amount of the judgment with interest and costs.

This Act which was approved and took effect on the 3rd of March, 1874, *repeals* section 36, of Article 10, of the Code of Public General Laws. And the attachment in this case was not laid in the hands of the appellee until the 31st of July, 1875, long *after* said section had been *repealed.* The judgment, upon which the attachment was issued, was obtained on the 11th of July, 1870, long *before* said Act of 1874 was passed; and the Act provides that "this Act and nothing herein contained shall apply or in *any manner affect* any *existing* debt, contract, note or *judgment,* nor prevent any person or body corporate from issuing an *attachment* on any judgment *now* obtained, or which may hereafter be obtained on any note, debt or contract *existing at the time* of the *passage* of this Act." It thus appears that the right to issue an attachment upon judgments "*existing at the time of the passage* of this Act," is thereby expressly given; and it is the evident meaning of the language of the Act, that an attachment issued upon *such* judgments, shall bind *all* the *wages* that may have been earned of the garnishee, by the debtor *after the laying of the attachment up to the day of trial.* Wages, in respect of judgments obtained *prior* to the Act of 1874,

are no more exempt from the operation and lien of an attachment than any other property and credits of the debtor in the hands of the garnishee, or which may come to his hands at any time after laying the attachment and before trial.

That all the property and credits of the debtor that may come into the hands of the garnishee after the attachment is laid, and before the trial, are bound by the attachment, is now the well settled law of this State. *First National Bank of Baltimore vs. Jaggers*, 31 *Md.*, 51. It is, however, claimed by McNeal that his wages are exempt from attachment under sec. 36 of Art. 10. But, sec. 36 was *repealed* by the Act of 1874, and had no existence at the time the attachment was laid in the hands of the appellee. And the plain and unequivocal language of this Act can leave no doubt as to the right of the holder of a judgment, *existing at the time of the passage* of the Act, to issue an attachment thereon, and to thereby bind *all the wages* of an employé that may be earned by him from the time that such an attachment is laid in the hands of the garnishee, down to the day of the trial. But, even if this Court should determine that $100 of the wages of an employé, are, under this Act, exempt from attachment, issued upon *such* judgments, there would still remain $1400, of said $1500, out of which to pay the said judgment with interest and costs.

*John K. Cowen,* for the appellee.

At the trial, the garnishee offered the prayer founded on the theory that an attaching creditor could not under the circumstances of this case, avail himself of the provisions of the Act of 1874, ch. 45, and that the law, regulating the issue of attachments on judgments rendered prior to March 3rd, 1874, and affecting the wages of an employé, was that contained in the 36th section of Art. 10, of the Code.

The first sentence in the proviso of the Act, declares that this Act and nothing herein contained, shall apply to, or *in any manner* affect, any existing debt or judgment— in other words, attachments issued upon existing debts or judgments were to be regulated by such laws as were in force prior to the passage of the Act—the advantages or disadvantages of this particular Act for either debtor or creditor, were not to be extended to debts and judgments in existence prior to the 4th of March, 1874.

Previous to that date, section 36 of Article 10, of the Code contained the following words: "No attachment of the wages or hire of any laborer or employé in the hands of the employer, shall affect any salary or wages of the debtor, which are not actually due at the date of the attachment," to which a judicial interpretation was given by this Court, in *Moore, et al., Garnishee vs. Heaney,* 14 *Md.,* 563.

If the theory of the appellant be correct, then the Act of 1874, does apply to and affect a debt or judgment existing at the time of the passage of the Act—and this too, though the law says it shall not do so. The judgment in the case at bar, was rendered prior to March 4th, 1874, and was therefore at that date an existing judgment.

It could not prior thereto have been satisfied by the levy of an attachment in the hands of the employer of McNeal, with the view of securing wages not actually due at the date of such service—an attachment thus issued, could only have held the wages due to McNeal, on the 31st day of July, 1875, and could not possibly have held his wages, due and earned subsequent to that date.

Yet, in spite of all this, under the theory of the appellant's prayer, the wages of the defendant, McNeal, accruing subsequent to July 31, 1875, were to be seized under the attachment—though the Act in so many words declares that nothing contained in the Act, should render subject to attachment, the wages or hire of the employé in the

hands of the employer, not actually due at the date of the attachment, where such attachment was issued on a debt, contract or judgment rendered, prior to March 4th, 1874.

It is also suggested, that there is no direct repeal of the 36th section of Article 10 of the Code, although it might be supposed from reading the title of the Act, that it was the intention of the Legislature to repeal in so many words, the law as it stood in the Code. There is no language in the body of the Act, declaring that the law as it then stood was to be repealed. Such being the case, there is a repeal, if any, *by implication* only, and both laws will therefore stand, save in those particulars wherein they are inconsistent, when the provisions of the Act last passed will prevail. There is no inconsistency in permitting the provisions of the section of the Code to regulate attachments, issued on judgment rendered *prior* to a certain date, and permitting the provisions of an Act passed in 1874, to regulate attachments issued *subsequent* to that date.

If there be no inconsistency, and therefore no repeal, the law as it stood in the Code, is the one that determines the liability of the garnishee in this cause ; and being so, the prayer of the appellee was properly granted by the Court below.

Bowie, J., delivered the opinion of the Court.

The record shows that the appellant recovered a judgment on the 11th of July, 1870, in the Superior Court of Baltimore City, against one J. V. McNeal, for the sum of $383.07 with interest and costs.

On the 31st July, 1875, the appellant issued an attachment, by way of execution on the judgment, which was laid in the hands of the appellee as garnishee, who appeared and pleaded "*nulla bona.*" Issue was joined on this plea, and a verdict rendered for the appellee.

The question presented by the prayers to the rulings on which the appellant excepted, is whether the Act of 1874,

ch 45, entitled "an Act to repeal sec. 36, Art. 10, Code of Public General Laws, title 'Attachments,' and re-enact the same," etc., modifies the Code so as to authorize creditors existing prior to the amending Act, to attach the wages or salaries of employés, *not actually due* but *falling due after the laying of the attachment* in the hands of the employer.

It is contended by the appellant that the proviso in the Act of 1874, ch. 45, declaring nothing therein contained, shall apply to, or in any manner affect, any existing debt, nor prevent any person from issuing an attachment on any judgment now obtained, or which may thereafter be obtained on any existing debts or securities, conferred upon the judgment creditor existing at the time of the passage of the Act, the right to issue an attachment thereon, and thereby bind all the wages of an employé, that may be earned by him from the time the attachment is laid in the hands of the garnishee, to the time of the trial.

The appellee insists that the Act of 1874, ch. 45, leaves the creditors then existing to the same remedies by attachment as then in force, unmodified by the amendment.

The evidence contained in the bill of exceptions, shows that a judgment was obtained by the appellant against one McNeal, on the 11th of July, 1870, in the Superior Court of Baltimore City, on which an attachment by way of execution was issued on the 31st of July, 1875, and laid in the hands of the appellee as garnishee.

It was proved at the trial that McNeal was an employé of the appellee prior to the 31st of July, 1875, and since up to the 1st of June, 1876, at a salary of $125 per month; and from the first of June, 1876, to the time of the trial, at a salary of $112.50 per month, and had received from the garnishee, on account of his salary, since the date of the attachment, about $1500.

On cross-examination it was proved that the wages of McNeal, for the month of July, 1875, had been paid before the date of the attachment.

Upon the hypothesis that the jury should find from the evidence that, the appellant was an employé of the appellee, prior to, and at the time (31st July, 1875,) when the attachment was laid in the hands of the company, and has continued ever since in its employment, and that the appellee has paid McNeal between the 31st July, 1875, and the present, for his services, the sum of $1500, the appellant prayed the Court to instruct the jury that the appellant was entitled to a verdict for the amount of the judgment, with interest thereon from its date, July 11th, 1870.

The appellee offered a prayer, the converse of the appellant's.

The Court rejected the former and granted the latter, whence this appeal.

The Article of the Code above referred to is digested from the Acts of 1852, ch. 340, and 1854, ch. 23. The object of these was to exempt from attachment the wages or salary of laborers or employés.

This Court construing these Acts in the case of *Moore, et al., Garn. vs. Heaney,* said: "The Act of 1852, protected wages or hire to the amount of ten dollars only, but that amount was exempted *whether it was due before, or became due after, an attachment.* The Act of 1854 makes no provision in relation to wages or hire due at the time of an attachment, and of course leaves them still regulated by the previous law."

"But the last Act makes a very important change in favor of laborers and other employés, in regard to wages or hire becoming due after an attachment, *as it exempts all not actually due at the date thereof.*" 14 *Md.*, 562.

This was the judicial interpretation of these Acts before the adoption of the Code.

Sec. 36, Art. 10, embodies the substance of the two Acts, by exempting from attachment *all wages not actually due*, and of the wages actually due, the sum of ten dollars was exempted.

The object of the amending Act of 1874, ch. 45, as appears from its title, was only *to increase the amount of the exemption.*

The section to be amended and the amendment are to be read together. They are in "*pari materia.*"

The proviso does not enlarge the class of wages or salary subject to attachment, by extending the effect of the attachment to wages not yet due, but as to those debts existing prior to the Act of 1874, ch. 45, it limited the exemption to $10.00, as under the original Acts, or Article of the Code. When the 36th section of Art. 10, title Attachments, is collated with the Act of 1874, ch. 45, there can be no doubt, we think, of the correctness of this conclusion.

It is not the province of this Court to question the policy of the law in exempting wages not actually due or otherwise, but to ascertain as nearly as possible the intention of the Legislature as conveyed by the language employed.

Finding no error in the rulings of the Superior Court, the judgment below is affirmed.

*Judgment affirmed.*

(Decided 8th March, 1878.)