(Decided 29th June, 1881.)

---

WILLIAM H. SHRYOCK and THOMAS J. SHRYOCK *vs.* THE BALTIMORE AND OHIO RAILROAD COMPANY, Garnishee of WILLIAM H. TREGO.

*Attachment on Judgment recovered Prior to the passage of the Act of* 1874, *ch.* 45—*Construction of the Act of* 1874, *ch.* 45.

On a judgment recovered by S. against T. on the 8th of April, 1872, for $482.78, an attachment was issued on the 5th of March, 1880, and on the same day laid in the hands of the B. & O. Railroad. At that time nothing was due T. who was in the employ of the B. & O. Railroad, at a salary of $3000, a year, payable monthly; but between the time of laying the attachment and the time of trial, there had accrued due and been actually paid to T. as salary, the sum of $2250, in monthly instalments of $250. HELD:

That the Act of 1874, ch. 45, by its express terms, did not apply to the aforesaid attachment, as the judgment upon which it was issued, was recovered long before the statute was passed.

By the Act of 1874, ch. 45, which repealed sec. 36 of Art. 10 of the Code, and re-enacted the same as amended, the right of attachment, as *against wages or hire*, is altogether taken away, unless the debt or judgment upon which the attachment is issued, shall, exclusive of costs, exceed the sum of $100; and the exemption is extended to $100, in those cases in which the attachment may issue and be levied under the Act.

Section 36 of Article 10, of the Code, as it stood before it was amended, and the amendatory Act of 1874, ch. 45, must be read together and construed *in pari materia*; and as to debts and judg-

ments existing prior to the passage of the Act of 1874, the exemption is limited to $10, and the right to attach wages or salary of the debtor is restricted to such as may be actually due at the date of the attachment, as provided in the original section of the Code.

*First National Bank of Hagerstown, Garnishee vs. Weckler*, 52 *Md.*, 30, not applicable to this case.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., ALVEY, ROBINSON, RITCHIE and MAGRUDER, J., for the appellants, and submitted on brief for the appellee.

*C. M. Armstrong,* and *Henry D. Loney,* for the appellants.

*Carroll Sprigg,* and *John K. Cowen,* for the appellee.

ALVEY, J., delivered the opinion of the Court.

Upon the agreed statement of facts the judgment of the Court below was properly rendered for the appellee, and that judgment, therefore, must be affirmed by this Court. The case, in all of its essential facts, is precisely similar to the case of *House vs. Balto. & Ohio R. Co.,* 48 *Md.*, 130, and the principle of construction applied in that case equally applies here. In this case the judgment upon which the attachment issued was recovered in April, 1872, for $482.78, and the attachment was issued on the 5th day of March, 1880, and the same day laid in the hands of the appellee. At that time nothing was due Trego, the defendant in the judgment, but he was in the employ of the appellee at a salary of $3000 a year, payable monthly; and between the time of laying the attachment and the time of trial, there had accrued due and

been actually paid over to Trego by the appellee the sum of $2250, in monthly instalments of $250. It is not claimed or pretended that the appellee was indebted to the defendant in the judgment on any other account than for services while in its employment.

By the Code, Art. 10, sec. 36, no attachment could affect any salary or wages of the debtor not actually due at the date of the attachment; and the sum of $10 of such salary or wages as might be due at the date of the attachment was exempted from the process. The Act of 1874, ch. 45, repealed this section of the Code, and re-enacted the same as amended; and by this latter Act the right of attachment, *as against wages or hire,* is altogether taken away, unless the debt or judgment upon which the attachment is issued shall, exclusive of costs, exceed the sum of $100; and the exemption is extended to $100, in those cases in which the attachment may issue and be levied under the Act. But the Act, by its proviso, expressly declares that nothing therein contained *"shall apply to, or in any manner affect,* any existing debt, contract, note, or judgment, nor prevent any person or body corporate from issuing an attachment on any judgment now obtained, or which may hereafter be obtained on any note, debt, or contract, existing at the time of the passage of this Act." It is plain, therefore, from the express terms of the statute, that its provisions can have no application to the attachment in this case; the judgment upon which it was issued having been recovered nearly two years before the statute was passed. As however the plaintiffs are authorized, by the terms of the proviso, to issue an attachment on their judgment, that may affect wages or hire, the question is, by what law is it to be controlled? This was the precise question presented in the case of *House vs. Railroad Co.,* and it was there held by this Court, that the section of the Code, as it stood before it was amended, and the amendatory Act

of 1874, ch. 45, must be read together and construed *in pari materia ;* and that, as to debts and judgments existing prior to the passage of the Act of 1874, the exemption is limited to $10, and the right to attach wages or salary of the debtor is restricted to such as may be actually due at the date of the attachment, as provided in the original section of the Code. And by adopting the same construction here, it is at once decisive of the case.

The case of the *Bank, Garnishee vs. Weckler,* 52 *Md.,* 30, relied on by the appellants, has no application to this case whatever, as it appears that the judgment upon which the attachment in that case issued was recovered about two years *subsequent* to the passage of the Act of 1874, ch. 45, and therefore was not excluded from the operation of that Act by the terms of the proviso, to which we have referred.

*Judgment affirmed.*

(Decided 29th June, 1881.)