## EDWIN M. WILMER

*vs.*

JOSEPH MANN, TRADING AS THE MANN PIANO COM-
PANY, GARNISHEE.

*Attachment proceedings: amendments liberally construed;
interrogatories to garnishees; answers under oath;
signed by attorney; right to correct—; exemp-
tions; wages of employees not actually
due; salesmen.*

Neither section 13 nor section 15 of Article 9 of the Code
requires the answers of the garnishees, to the interrogatories filed
in attachment proceedings, to be made under oath. p. 244

The statute in regard to amending attachment proceedings is
liberal; and answers signed by the garnishee, which were pre-
viously signed and filed for him by his attorney, were *held* to be
admissible, even though the twenty days in which the garnishee
is required to file such answers had passed (the answers, how-
ever, having been signed by the attorney within that time).

p. 244

A salesman for a piano dealer is an employee, within the
meaning of section 33 of Article 9 of the Code, exempting from
attachment the wages or hire of any employee or laborer in the
hands of the employer, unless actually due at the date of the
attachment. p. 248

In such a case, where an attachment is laid in the hands of the employer, if no wages were due at the time of bringing the attachment, the employer may plead *"nulla bona,"* although wages may have become due and have been paid at the date of the trial.                                           p. 248

Statutes exempting wages from attachment are to be given liberal interpretation.                                  p. 248

*Decided June 25th, 1913.*

Appeal from the Superior Court of Baltimore City (AM-BLER, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON and STOCKBRIDGE, JJ.

*David Ash,* for the appellant.

*L. Edwin Goldman,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appellant, Edwin M. Wilmer, plaintiff below, on the 8th day of February, 1905, recovered, before a justice of the peace, a judgment against one Leopold Ehrlich for the sum of $60.60 with interest and costs. On the 10th day of May, 1912, he caused to be issued out of the Superior Court of Baltimore City an attachment upon said judgment, which was laid in the hands of the appellee, Joseph M. Mann, trading as the Mann Piano Company, by whom the judgment debtor at such time was employed.

The garnishee appeared and filed the plea of *nulla bona.* Thereafter a replication was filed, upon which issue was joined. On the 7th of June interrogatories were filed, to which answers were filed June 24th, 1912, signed by L. Edwin Goldman, attorney for the garnishee. A motion was filed September 13, 1912, asking that the answers be not received and "that said paper be stricken from the files of the Court"; the reasons assigned therefor being, first, that the paper containing the answers was not signed by the garnishee, and, second, that it was not sworn to by him. This motion was heard and overruled on the 5th day of October following, but on the second day thereafter, in response to a suggestion of the Court made at the hearing of the motion, the identical answers signed and sworn to by the garnishee were filed. To this action of the Court four exceptions were taken—the first, to the overruling of the motion not to receive the answers first filed; the second, in permitting to be filed the answers signed and sworn to by the garnishee; the third, to the failure of the Court to rule on the motion to strike the original answers from the "files of the Court"; and the fourth, a general exception which seems to cover all the preceding exceptions.

Thereafter, on October 24th, 1912, upon leave of the Court, he filed a second motion *ne recipiatur* asking that the answers signed and sworn to by the garnishee be not received. This motion was likewise overruled.

Following this action of the Court, as disclosed by the record, the plaintiff on the 18th day of December, 1912, took two other and further exceptions to the action of the Court of October 5th, in overruling the motion *ne recipiatur,* which exceptions, so far as we are able to discover, raised practically the same questions as were raised by the exceptions previously taken.

On Deecmber 18th the plaintiff moved for a judgment of condemnation for failure on the part. of the garnishee to make answers to the interrogatories, and his motion being

overruled, he excepted thereto, it being his seventh exception.

The case was then tried by a jury, which rendered a verdict in favor of the garnishee and a judgment for his costs was entered thereon.

In the trial of the case only two witnesses, the plaintiff and the garnihsee, were placed upon the stand; both of these were called by the plaintiff. By the first of these witnesses the answers to the first and fifth interrogatories filed were put in evidence. In the first of these interrogatories he was asked, in substance, if, at the time the attachment was laid in his hands, he was indebted to Leopold Ehrlich, the judgment debtor, or had he since become indebted to him, or was he then indebted to him or to any other person for his use or benefit; if so, the amount of such indebtedness, the consideration therefor, the time when contracted, and when it was or will be due or payable; and if payable to any other person for his use, to whom. The answer thereto was, "No. Mr. Ehrlich is employed from week to week as a salesman, and his wages are thirty dollars per week."

By the fifth interrogatory he was asked, "Was Mr. Ehrlich in your service at the date of the laying of the attachment? If so. how long prior thereto and in what capacity and under what compensation, salary or commssion, or both. State the contract for such services, the date thereof and whether written or verbal, and how much was due him at the time the attachment was laid and how much has since become due and owing to him." To this he answered that Ehrlich was and had been in his employ for three years and his weekly wages were thirty dollars; that the contract was oral, his employment from week to week; and at the time the attachment was laid he had overdrawn his weekly wages. and that since such time "his weekly wages have regularly been due and regularly paid."

The garnishee, when called by the plaintiff, testified that the judgment debtor was indebted to him at, the time the

attachment was laid; that thereafter he was paid his salary, thirty dollars a week; that his salary for twenty-two weeks thereafter amounted to six hundred and sixty dollars. He was then asked "Had he earned that amount of wages between the 13th day of May and the 7th day of October, 1912, in your employment?" Ans. "He was in my employment and entitled to his wages." Mr. Ash, counsel for plaintiff, then said "That is all I have to ask him." Counsel for defendant then announced that he had no questions to ask him. It was then that the attorney for plaintiff asked that the part of the last answer of the witness that was irresponsive to the question be stricken out. This was refused and the eighth exception is to this ruling.

This being all the testimony of the plaintiff, a prayer was offered by the garnishee that there was no evidence in the case legally sufficient to entitle the plaintiff to recover, which was granted; to the granting of which the plaintiff excepted.

The first seven exceptions will be considered and passed upon together.

The plaintiff has attacked the legal sufficiency of the answers to the interrogatories filed. The chief reasons therefor, as we have said, are: first, that they were not signed by the garnishee but by his attorney; and second, that they were not sworn to. It is provided in section 13 of Article 9 of the Code of 1912, "That in all cases in which a garnishee has been summoned, at any time after the return of the writ, the plaintiff may file interrogatories in the cause, which shall be served by the sheriff upon the garnishee, within ten days thereafter; * * * and if the garnishee shall fail to answer said interrogatories within twenty days after the service of the interrogatories upon him, then, upon proof of such service, the plaintiff shall be entitled to judgment against the garnishee for the amount of the claim of the plaintiff for which the attachment was issued." And in section 15 of said article we find there enacted that "If such garnishee shall neglect or refuse to do so (that is, answer said interroga-

tories), as provided in section 13, the Court is hereby directed to adjudge that such garnishee hath in his possession property of the defendant, or is indebted to such defendant to an amount and value sufficient to pay the debt, damage and interest of said plaintiff. and costs."

This is practically all that is said, in the statute, of interrogatories in such cases, and it will be seen that there is no requirement that such interrogatories shall be answered under oath. Therefore, in the absence of such requirement, it being purely a statutory provision, the garnishee cannot be required to answer under oath.

Although the answers to the interrogatories were first signed by the attorney and not by the garnishee, the identical answers were thereafter not only signed but sworn to by the garnishee, and therefore we do not feel called upon to decide the question raised as to the legal sufficiency of the answers signed by the attorney.

The contention, however, is made by the plaintiff that as the period of time, twenty days, in which the garnishee under the statute was to file his answers to the interrogatories had passed when the interrogatories signed by the garnishee were filed, that the garnishee should not have been permitted to file such answers, insisting that the original answers not signed by him were a nullity and should have been treated as such, and that as a result thereof the Court should have entered judgment upon his motion, because of the failure of the garnishee to answer.

In this we cannot agree with him, but think it was clearly within the power of the Court to permit the garnishee thereafter to sign and file the answers that had been previously signed for him by his attorney. The statute in respect to amendments in attachment proceedings is liberal, and the signing by the garishee of the answers previously filed by his attorney was permissible under this statute.

It was also argued as an objection to the answers that the interrogatories were not thereby fully answered, but upon

examination of the answers we find no ground for such an objection.

This disposes of the first seven exceptions, and we find no error in the ruling of the Court in the eighth exception.

This brings us to the exception to the ruling of the Court in granting the plaintiff's prayer taking the case from the jury.

It is contended by the plaintiff that Ehrlich was not an employee of the garnishee within the meaning of section 33 of Article 9 of the Code of 1912, which provides that "No attachment of the wages or hire of any *laborer or employee* in the hands of the employer, whether private individual or body corporate, shall affect any salary or wages of the debtor which are not actually due at the date of the attachment, and the sum of one hundred dollars of such wages or hire due to any laborer or employee by any employer or corporation shall always be exempted from attachment by any process whatever."

The Act of 1854, Chapter 23, an Act very similar to the section that we have just quoted, was before our predecessors for construction in the case of *Moore* v. *Heaney,* 14 Md. 558. That statute provided that "No attachment of the wages or hire of a *laborer or other employee,* in the hands of the employers, whether private individuals or bodies corporate, shall affect any salary or wages of the debtor, which are not actually due at the date of the attachment."

In that case one Quinlan agreed, for the conisderation of five per cent. on the entire amount of the cost of building, to erect, superintend and otherwise direct the erection of a certain warehouse for Robert Moore & Bros., the other parties thereto. Thereafter John Heaney, a judgment creditor of Quinlan, had an attachment issued upon his judgment, which was laid in the hands of Robert Moore & Bros. In that case, as in this case, the plea of *nulla bona* was interposed, and it was contended by the plaintiff that Quinlan was not an em-

ployee within the meaning of the statute. The Court, however, held that he was such an employee.

In the adoption of the Code of 1860, as shown by section 36 of Article 10, the word "other" was omitted, and it read "laborer or employee," and although the statute has since been amended several times the word "other" has not been restored.

It is urged by the counsel for the appellant that it was largely owing to the existence of the word "other" in the statute of 1854 that this Court in the case of *Moore* v. *Heaney, supra,* reached the conclusion that Quinlan was an employee under that Act and that the word was probably omitted from the Code of 1860 so that thereafter a different construction should be placed thereon. But long after this statute was amended and had gone into effect, the appellant in the case of *House* v. *B. & O. R. R. Co.,* 48 Md. 134, decided in 1878, issued an attachment, on a judgment which he held against one J. B. McNeil, and laid it in the hands of the B. & O. R. R. Co. as garnishee, the said McNeil being at the time in the employment of the railroad company receiving a salary of one hundred and twenty-five dollars per month. It was contended in that case that McNeil was not an employee under the terms of the statute, which are identical, in respect to the words here construed, with the statute now in force. The question there was as to the effect of Chapter 45 of the Acts of 1874 upon the section of the Code as to debts and judgments existing prior to the enactment of that Act. It was there held that the atachment did not lie, notwithstanding the garnishee had paid to McNeil since the laying of the attachment fifteen hundred dollars, and this was because of the exemption under the statute to laborers and employees.

And again, in the case of the *First Nat. Bank of Hagerstown* v. *Weckler,* 52 Md. 30, the judgment debtor was employed by the garnishee bank at a salary of one thousand dollars per annum, and in that case it was not contended

that he was not an employee within the meaning of the statute.

And in the case of *Shryock* v. *B. & O. R. R. Co.,* 56 Md. 519, JUDGE ALVEY, delivering the opinion of the Court, said: "The case, in all of its essential facts, is precisely similar to the case of *House* v. *B. & O. R. R. Co.,* 48 Md. 130, and the principle of construction applied in that case equally applies here." In that case the judgment debtor was in the employment of the garnishee company and was receiving a salary of three thousand dollars per annum. Nothing was due defendant Tregoe at the time of the laying of the attachment, but between that time and the time of the trial he had been paid twenty-two hundred and fifty dollars. It was there held that under the statute exempting the wages of laborers and employees from the operation of the attachment law, the attachment would not lie.

Our attention has been called by the counsel for the appellant to the decision of this Court delivered by JUDGE McSHERRY, in the case of *Lewis* v. *Fisher,* 80 Md. 139, in which the Court was called upon to construe the Insolvent Law (Code of 1888, Art. 47, sec. 15). In that case this Court held that an attorney, as therein employed, was not an employee within the meaning of that statute. But later, in the *Casualty Ins. Company's case,* 82 Md. 567, and in the case of *Roberts* v. *Eddie,* 85 Md. 186, where Article 47, section 15, was again being construed, JUDGE McSHERRY, again speaking for the Court, in both of these cases, distinguished the case of *Lewis* v. *Fisher* from the *Moore case.* In the first of the cases the Court said: "It was insisted that the conclusions reached by this Court in *Lewis* v. *Fisher et als., supra,* are in conflict with the decision in *Moore* v. *Heaney,* 14 Md. 558. Such is not, however, the fact. Two entirely different statutes, relating to different subjects were construed in the two cases. In *Moore's case* the Act of 1854, Ch. 23, relating to the exemption of the wages of hire of 'a laborer or other employee' from attachment, was interpreted; whilst in *Lewis'*

*case* the identical statute now involved—the Act of 1888, Ch. 383, Article 47, sec. 15 of the Code of 1888—was before us. In *Moore's case,* this Court gave a wide and liberal meaning to the word 'employee,' so as to bring as large a class of persons as possible within the provision which created an exemption in favor of laborers and other employees, from the stringent terms of the attachment law and from the equally harsh effects of an attachment levied by way of execution on wages."

The statute creating an exemption in favor of a class of persons least able to protect themselves and largely dependent on their wages for the support. of themselves and others dependent upon them, should be given a liberal and not a technical construction.

·Following the line of authorities from which we have quoted, we have no difficulty in reaching the conclusion that in this case Ehrlich was an employee within the meaning of the statute exempting wages of laborers and employees from the operation of the attachment law.

The right of the garnishee to make the defense here made is sustained by the authorities to which we have referred. *Moore* v. *Heaney; First Nat. Bank of Hagerstown* v. *Weckler; House* v. *B. & O. R. R. Co.; Shryock* v. *B. & O. R. R. Co.*

The prayer of the garnishee was properly granted, and finding no error in the ruling of the Court below, the judgment will be affirmed.

*Judgment affirmed, with costs to the appellee.*