T. P. WILLIAMS *v.* N. D. LINK, ADMINISTRATOR.

1. "LABORER."   *Meaning of in § 1244, Code of 1880.   Wages exempted.*
   The "laborer," whose wages to the amount of one hundred dollars are exempt from garnishment by § 1244, Code of 1880, is one who subsists by physical toil in distinction from one who subsists by professional skill.   Where physical toil is the main ingredient of services rendered, although directed and made more valuable by skill, the person performing it is a laborer within the meaning of the statute.

64 MISS.—41.

2. "LABORER." *Exemption of clerk's wages. Section* 1244, *Code of* 1880, *applied.*
The wages of a laborer engaged as a clerk in a mercantile store, to the amount of one hundred dollars, are exempt from garnishment by virtue of the provision of § 1244, Code of 1880, exempting a laborer's wages to that extent.

APPEAL from the Circuit Court of Yazoo County.
HON. T. J. WHARTON, Judge.
N. D. Link, as administrator, obtained a judgment against T. P. Williams and caused a writ of garnishment to be served on Barksdale & Johnson, a firm doing business as merchants. They answered, admitting their indebtedness in the sum of ninety-two dollars and eighty-nine cents. The answer further sets out " that the said Williams is a laborer in our employ, being engaged by us as a clerk in our mercantile house, and the sum of ninety-two dollars and eighty-nine cents represents an accumulation of wages · in our hands belonging to said Williams and earned by him in our employment. The said Williams being a laborer, as we are advised, and the money in our hands being wages accumulated, we submit to the court whether said sum can be garnished in our hands." Williams interposed his claim and on issue joined on the answer of the garnishees, the court decided in favor of Link, administrator. The claimant, Williams, appealed.

*D. R. Barnett,* for the appellant.
In this case the court decided that one who was named as a clerk in an answer by garnishees, who also therein designated him as a laborer, was not a laborer under the statute so far as to exempt his wages under one hundred dollars.

It is submitted that one may be a clerk whose duties are those only of a " laborer " in the sense of the statute. A clerk is an "assistant," but an assistant may be a laborer solely. The answer of the garnishees may have been subject to exception for indefiniteness, but appellees claimed judgment on its face, stating that it was wholly insufficient in law. I submit that such ruling was clearly erroneous.

It requires no particular skill to be a clerk ; one whose duties are simply manual may be a clerk. The cash-boy, the typewriter, the floor-walker, the delivery clerk are laborers in the real sense of the word.

*W. S. Epperson,* for the appellee.

Section 1244, Code of 1880, repeals the act of 1872, and exempts to every *laborer* his wages to the amount of one hundred dollars, but in addition to this the same section exempts to every *mechanic* his wages to the amount of one hundred dollars. This new exemption in favor of *mechanics* indicates legislative construction of what is meant by the word "*laborer.*" It clearly indicates that the word "*laborer*" did not mean nor was intended to include skilled labor.

I think there can be no doubt but that the word "*laborer*" as used in our statute was intended to mean and to embrace the general class of *manual, unskilled wage-workers,* and not clerks in stores and other places, and especially does this seem to be the meaning when we consider it in connection with another clause in said § 1244, which exempts to every *laborer* "the implements necessary in his usual employment."

I think that the word "*laborer,*" as used in our statute, cannot with propriety be held to embrace a *clerk.* A clerk is not one engaged in coarse and toilsome work requiring little skill, nor has he any "implements necessary to his usual employment."

The wages of a common *laborer,* an *unskilled manual wage-worker,* is nearly the same per day or per month or by the year in all parts of our State, but the wages of *clerks* are different in different places, and range from five hundred to twenty-five hundred dollars per year, according to efficiency. A clerk on a thousand or a twenty-five hundred dollar salary per year can so keep up with his account as not to have his employer indebted to him at any time in a sum exceeding one hundred dollars, and thus defeat his creditors.

CAMPBELL, J., delivered the opinion of the court.

The "laborer" whose wages to the amount of one hundred dollars are exempt from garnishment by § 1244 of the code is "one who subsists by physical toil in distinction from one who subsists by professional skill." Where physical toil is the main ingredient of services rendered, although directed and made more

valuable by skill, the person performing them is a laborer within the meaning of the statute. The appellant is shown by the record to have been a laborer, engaged as a clerk in a store, and the wages earned by him as such laborer are exempt from garnishment. *Weymouth* v. *Sanborn,* 43 New Hamp. 171 ; *Caraker* v. *Matthews,* 25 Ga. 571; *Pa. Coal Co.* v. *Costello,* 33 Pa. St. 241. The statute denies to creditors the fruits of one's manual toil not exceeding one hundred dollars that this compensation for labor may go to supply the wants of himself and family. *Smith* v. *Brooke,* 49 Pa. St. 147.

*Reversed, and judgment here discharging the garnishees with costs.*