## J. A. HEARD *v.* C. LEE CRUM.

CONTRACT TO BUILD. *Wages. Exemptions. Code* 1892, § 1963.

The contract price agreed to be paid to one who contracts to build a house and employs others in its construction. is not, although he may do some unascertained portion of the work himself, wages within the meaning of the statute exempting from garnishment or other legal process the wages of every laborer, or person working for wages, being the head of a family, to the amount of one hundred dollars. Code 1892, § 1963, par. 10a.

FROM the circuit court of Union county.

HON. EUGENE JOHNSON, Judge.

The opinion states the case.

*J. D. Fontaine* and *Leroy R. Kennedy*, for appellant.

1. Appellant was a carpenter, and the head of a family, and worked all the while as a laborer on appellee's house, and his wages therefor were exempt. Code 1892, § 1963. A laborer is one who subsists by physical toil. *Williams* v. *Link*, 64 Miss., 641. The test of exemption is not the form of action pursued, but the consideration of the debt due. *Ransom* v. *Duff*, 60 Miss., 901. The character of the debt makes it secure against any sort of legal process.

2. The words "other legal process," as used in the exemption statute, were designed to protect the exemptionist in every case; and to allow the employer of the wage-earner to buy up a debt against him, and use it as a set-off to defeat an action for the wages due, would be in contravention of the beneficial object of the statute.

*C. Lee Crum, pro se.*

1. No effort to subject the amount claimed by the appellant to "garnishment or other legal process" was made, and the exemption law invoked for his protection has no application. What the appellant did was to introduce a counter claim by way of set-off. 19 Am. & Eng. Enc. L., 222, and note 1.

2. The appellant, in building the house under the $105 contract, was not working for wages, but was a contractor working for a fixed sum by the job, although he did some of the work himself. He did not do all the work himself, but had one employed all the time to aid him, and a large part of the time had from four to six hands working under him on the house. 28 Am. & Eng. Enc. L., 513; *Lang* v. *Simmons*, 64 Wis., 529. The Wisconsin statute construed in the case last cited is essentially similar to that of Mississippi now under consideration.

3. The evidence does not disclose what part of the work the appellant did. In the absence of such proof, it cannot be said that the finding was erroneous. The case was tried before the

court, without a jury, and there was no such ascertainment of the amount of labor performed by appellant as would justify a finding that any particular sum was due therefor.

WHITFIELD, J., delivered the opinion of the court.

In *Lang* v. *Simmons*, 64 Wisconsin, 529, it was held that money due upon a contract with a wood factory, for sawing lumber belonging to assignors, was not "wages." The court say: "They were not persons hired by the assignors to do manual labor for them, nor were they hired persons within the ordinary sense of the words hired persons. They were manufacturers, doing business for themselves and employing other persons . . . to accomplish the work they contracted to do for others. . . . We think it very clear that . . . laborers . . . who can be said to earn wages of an employer must hold such a relation to the employer that he can direct and control them in and about the work which they are doing for him." And the definition of the Imperial Dictionary is quoted: "In ordinary language, the term wages is usually restricted to sums paid as rewards to artisans, to domestic servants, to laborers employed in manufactures, in agriculture, mines and other manual occupations."

The case of *Riley* v. *Warden*, 2 Exch. Rep., 59, is exactly in point, and decisive of this case. Defendants were manufacturers of brick, and plaintiff was a subcontractor under them. He contracted to get out clay for the making of the bricks. He engaged eight or nine men to work with him, and worked manually himself. The question was whether he was a "laborer" within the meaning of an act of parliament of like kind with our statute, but of broader and more liberal terms than our statute as regarded the laborer. Parke, B., said: "Now, it appears to me that, upon the true construction of this act, it is to be taken as applicable to those persons only who strictly contract as laborers—that is, to such as enter into a contract to employ their personal services and to receive pay-

ment for their services in wages. . . . The reward which the plaintiff is to receive is not to be paid for his personal labor, but it is the contract price from which he may derive a profit by the assistance and labor of others. . . . I take it to be clear that, if the plaintiff had undertaken to do a work for £100,000, he would not have been within the act, although he might have done some portion of it himself. It is difficult to draw the line between such a case and the present." And Rolfe, B., said: "It appears to me to be clear that the act applies to those persons who are to receive wages as the price of their labor, and that the term 'wages' is to be understood in its popular sense, and does not include wages which are the price of a contract. The plaintiff here employed several persons under him, and, in that respect, differs from what is popularly understood by a laborer." And Platt, B., added: "It cannot be said that every person who puts the finishing stroke to a work—as, for instance, a master mason engaged to build a house—is within this act."

The facts in the case at bar bring it squarely within the principle of this case. The plaintiff employed laborers who worked under him. He himself did a part of the work. He says he could not say what proportion. His contract was to build a house for $105. Clearly he was a contractor, and the sum agreed to be paid was the "price of his contract," not wages within the meaning of section 1963, paragraph 10*a* of the annotated code of 1892—"the wages of every laborer or person working for wages." The view taken by the learned judge below was correct, and the judgment is

*Affirmed.*