LEWIS *v.* HARRISON ET AL.

[71 South. 5.]

EXEMPTION. *Wages of laborer.*

> Where a board of supervisors contracted with one of the defend-
> ants to work certain portions of the public roads at a stipulated
> sum per mile and afterwards such defendant subcontracted with
> the other defendant for one-half of the proceeds of such con-
> tract, and the board issued a county warrant to the original con-
> tractor for the amount agreed upon, and while such warrant was
> in the warrant book in the chancery clerk's office of the county,
> it was levied upon under an execution issued upon a judgment
> against both defendants. In such case the warrant was not ex-
> empt from execution as the wages of a laborer, or person working
> for wages under Code 1906, section 2139, par. 10a.

APPEAL from the circuit court of Neshoba county.
HON. C. L. DOBBS, Judge.

Suit by W. M. Lewis against B. H. Harrison and an-
other. From a judgment for defendant, plaintiff appeals.

This case was tried by agreement before the circuit
judge, a jury being waived, upon an agreed statement of
facts, hereinafter set out, and resulted in a judgment for
the defendants below, from which plaintiff appeals.

"Agreed Statement of Facts.

"It is agreed by counsel for plaintiff and defendants
that the facts in this case are as follows:

"B. H. Harrison and R. A. Weathers are both resident
citizens of Neshoba county, Miss., and are both heads of
families.

"That R. A. Weathers entered into a contract with the
board of supervisors of Neshoba county, Miss., to work
certain portions of the public road of said county, as
shown by the minutes of said board, shown on pages 12
and 18 of Minute Book 6, a copy of which is to be taken as
part of this agreement.

"That the contract was for a stipulated amount per mile. That the said R. A. Weathers afterwards, as contractor, subcontracted with B. H. Harrison for one-half the proceeds of said contract, as shown by said minutes, to do part of the work.

"Afterwards and in pursuance of said contract the said board of supervisors made an allowance to said B. H. Harrison for ninety-nine dollars and fifty cents for work on said road.

"That after said allowance a warrant was issued to B. H. Harrison, which was in full payment of the aforesaid allowance to him, which warrant was for ninety-nine dollars and fifty cents. That said warrant was levied on by the sheriff of Neshoba county, Miss., under an execution issued on a judgment rendered in favor of W. M. Lewis against both B. H. Harrison and R. A. Weathers; said warrant being in the warrant book in the chancery clerk's office in Neshoba county, Miss., when the sheriff levied on it. That the work done on the road was done by B. H. Harrison and R. A. Weathers, for which said allowance was made, in the month of December, 1912, and which said work for which said warrant was issued required the labor of the said parties for the month; and, further, the said Harrison and others had been working said road off and on for two years, drawing warrants on the same."

*J. C. Ward* and *W. M. Lewis,* for appellant.

The board of supervisors hold no power to direct or control either Weathers or Harrison in doing the work. They were not, in doing their work, subject to the direction or control of the board of supervisors or any one else. All they had to do was to do the work according to plans and specifications of the board. They could exercise their own discretion as to how and when they would work; what days they would work and at what time of the day they would begin work or stop work or how many hours per day they would work. They were under the directions of no superior. They were their own masters.

"The right to claim wages or other property as exempt is to be construed as having reference to such persons only as perform manual or menial services, and such as are responsible for no independent action, but do a day's work or stated job under the directions of a superior." 12 Am. & Eng. Enc. of L. (2Ed.) page 100.

In the case of *Heard* v. *Crum*, 73 Miss. 157, the court say, quoting from *Lang* v. *Simmons*, 64 Wis. 529: "We think it very clear that . . . laborers . . . who can be said to earn wages of any employer must hold such relation to the employer that he can direct and control them in and about the work which they are doing for him." The court quotes with approval from an English case as follows: "The term 'wages' is to be understood in its popular sense, and does not include wages which are the price of a contract." In this case appellees contract was to work the public roads at a stipulated price. They were contractors and the sum agreed to be paid was the price of their contract.

Again we have in this case Weathers sub-contracting with Harrison. Can it be said that a man can sub-contract wages? The question as to whether a person is a contractor or a person working for wages is not to be determined alone from the fact that he did actually perform all the work himself but from the contract actually made. The contractual relations determine and not the facts as to who actually did the work. If he is a contractor, or enters into a contract to do certain work for a stipulated sum for the work and is not under the direction and control of the party with whom he made the contract in doing the work, it is immaterial as to whether he does the work himself or employs others to help him. He then becomes an independent contractor and is not entitled to the exemptions under our statute. In the case of *Heard* v. *Crum*, *supra,* there was a contract to build a house for a certain price and Heard did part of the work himself and claimed exemption under the statute, but the court held that he was an independent contractor and denied him the exemption.

If the question be raised that the warrant, when levied on, was in the custody of the board of supervisors, the answer is that the board of supervisors has not made any objection and the debtor cannot do so. *Dollar* v. *Allen-West Com. Co.,* 78 Miss. 274.

We respectfully submit that the court erred in finding for appellee and the judgment should be reversed.

*Wells, May & Saunders,* for appellees.

The case of *Wade* v. *Gray,* 104 Miss. 151, which is made the subject of additional brief for appellant, according to our interpretation has no sort of application to the issues involved in this case. The court did hold that Mr. Wade was an independent contractor so far as was involved the question of who would be liable for torts committed by him. No question of exemption or interpretation of our exemption law was involved in that case.

In the instant case we have sought to make clear our contention that the determining factor in an exemption claim to money due for labor performed, is whether the money that is due and claimed as exempt represents the fruits of the personal toil and labor of the exemptionist or whether it represents profits or money due for the labor of others, or for materials and money invested in the contract. If the former, it is exempt; if the latter, it is not.

It is admitted in this case that the money claimed as exempt is due to the appellees for personal labor expended by them, whether it was done for a contract job, or for work by the day, is not material. It was labor performed within a month and within the amount fixed by law.

We submit again the judgment of the trial court was manifestly correct and ought to be affirmed.

SMITH, C. J., delivered the opinion of the court.

This case is ruled by the case of *Heard* v. *Crum,* 73 Miss. 157, 18 So. 934, 55 Am. St. Rep. 520.

Reversed, and judgment here for appellant.

*Reversed.*