HINTON & WALKER *v.* PEARSON.*

(Division B.   Feb. 22, 1926.)

[107 So. 275.   No. 25446.]

1. MASTER AND SERVANT. *"Employee," as used in statute giving liens on lumber for labor, held to include larger class than "laborers" (Hemingway's Code, sections* 2415-2417).

   "Employee," as used in Hemingway's Code, sections 2415-2417, providing for lien on lumber for labor performed thereon, *held* to include a larger class than mere laborers.

2. MASTER AND SERVANT. *"Independent contractor" defined.*

   An "independent contractor" is one who contracts to do certain work according to his own methods and without being subject to control of his employer except as to result of his work.

3. MASTER AND SERVANT. *Persons hauling lumber to railroad held "employees," entitled to lien (Hemingway's Code, sections* 2415-2417).

   Where persons agreed with sawmill owner to haul lumber to railroad at so much per thousand feet, they were employees and not independent contractors, and under Hemingway's Code, sections 2415-2417, were entitled to lien on lumber hauled.

*Corpus Juris-Cyc. References: Master and Servant, 39 C. J., pp. 219, n. 87, 88; 1315, n. 1; Who is an independent contractor, see notes in 65 L. R. A. 445; 17 L. R. A. (N. S.) 371; Meaning of term "independent contractor" see note in 19 A. L. R. 227; 14 R. C. L., p. 67; 3 R. C. L. Supp., p. 163; 4 R. C. L. Supp., p. 869; 5 R. C. L. Supp., p. 738.

APPEAL from circuit court of Lamar county.
HON. J. Q. LANGSTON, Judge.

Action by Hinton & Walker against Lamar Pearson. From a judgment for plaintiffs but denying a lien, plaintiffs appeal.   Reversed and judgment rendered.

*T. W. Davis* and *L. C. Bridges,* for appellants.

It is our contention that appellants' case comes within the saw mill lien statute, section 2415, Hemingway's

Code and they are, therefore, entitled to a lien on the lumber so hauled by them to the full extent of the whole indebtedness due, and the lower court erred in otherwise holding.

A careful reading of the above statute shows that the following language is used, "every employee or laborer." Now just what did the legislature mean by using these words? We think that the legislature meant to cover every person employed in and about a saw mill or lumber business, whose work enhanced the value of the manufactured product and that the statute does cover those persons whose work enhances the value of the manufactured product, rather than being limited only to those who actually perform hard physical labor. *Burton* v. *Wade & Beasley,* 135 Ga. 412, 69 S. E. 561, is directly in point on both facts and law. See also *W. Haywood Export Co.* v. *Lee,* 193 Fla. 467; 113 U. S. C. C. A. 515, affirming judgment; *Re McDavid Lumber Co.,* 190 Fla. 97; *Brenault* v. *Archambult,* 64 Minn. 420; *Hogan* v. *Cushing,* 49 Wis. 169; *Finely* v. *Keisling et al.,* 270 S. W. 629.

In the enactment of the present saw mill lien statute, the legislature used the same language as used in section 2400, Hemingway's Code with reference as to who shall have a lien, thus conclusively showing that it intended that the said statutes should cover every person whose work or employment enhanced the value of the property about which they were engaged. Under section 2400, Hemingway's Code, our courts have uniformly held that an overseer or manager under contract was entitled to a lien on the crops for his salary or wages, and we think the saw mill lien statute equally as broad.

*Mayson & Kelly,* for appellee.

The case involves a construction of chapter 131, Laws of 1908; section 2415, Hemingway's Code. Are the appellants "employees" within the terms of the statute and

entitled to protection as such? It appears that the terms "laborer" and "employee" are used in statutes and judicial decisions as synonymous or convertible terms. An employee has been defined to be a laboror, servant or those occupying inferior positions. 50 Am. St. Rep. 717, and notes.

Measured by this definition, the appellants certainly were not employees for the reason that they did not occupy an inferior position, they did not do any physical toil, nor did they work for wages but for profits accruing to them from the labor of others employed by them to drive the trucks.

Were the appellants laborers? To constitute a person a laborer, physical toil must be the main ingredient of the services rendered. *Williams* v. *Alcorn & Electric Light Co. et al.,* 98 Miss. 468, 53 So. 958; Ann. Cas. 1913 B 137; *Heard* v. *Crum,* 73 Miss. 157, 18 So. 934, 55 Am. St. Rep., 520; *Lilliams* v. *Link,* 64 Miss. 641, 1 So. 907.

It clearly appears that appellants were neither laborers nor employees. This position is further fortified by the terms of the statute which provide that a person coming within the terms of the statute shall have a lien, etc., for his wages. Again, "wages," as used in the statute, are not paid to contractors, but the term is used and restricted to sums paid for the hire of those employed in manual occupation. 239 Ill. 352, 130 Am. St. Rep. 234, 28 L. R. A. (N. S.) 1108, 88 N. E. 152.

It will thus be seen that the appellants did not come within the terms of the statute in any one of the three aspects: They were neither *laborers* nor *employees,* nor were they paid *wages* for the service they rendered.

ANDERSON, J., delivered the opinion of the court.

Appellants, Hinton & Walker, brought this action against appellee, Lamar Pearson, in the circuit court of Lamar county, to recover an indebtedness alleged to be due appellants by appellee for the services of the former

in hauling a lot of lumber from appellee's sawmill to the railroad at Purvis for shipment, and to establish and enforce a lien on such lumber for the payment of such indebtedness under chapter 131 of the Laws of 1908 (Hemingway's Code, sections 2415-2417, inclusive). At the conclusion of the testimony, all appellants' evidence offered for the purpose of establishing a lien under said statute was on motion of appellee excluded. There being no controversy as to the amount of the indebtedness to appellants by appellee, a judgment against the latter in favor of the former was entered. From the judgment of the court, excluding the evidence as to the lien claimed by appellants on the lumber hauled by them for the appellee, thereby holding that, under the above statute, appellants had no lien for the security of their indebtedness, appellants prosecute this appeal.

The appellee owned a sawmill situated about thirteen miles from Purvis, a railroad station. At this sawmill appellee had a lot of lumber which he desired hauled to Purvis and put on ramps for shipment. He employed appellants, who had trucks and drivers to haul the lumber, agreeing to pay them therefor three dollars per thousand feet. Appellants did not drive the trucks themselves, nor load and unload the lumber from the trucks. They furnished the trucks, and employed the drivers to drive them and load and unload the lumber. Appellee directed what lumber should be hauled and where it should be unloaded and placed at the railroad station in Purvis. As the lumber was delivered in the trucks by their drivers at the ramps at Purvis, one of the appellants was present and checked it in order to keep track of the amount hauled and delivered. The question is whether or not, under the statute (chapter 131, Laws 1908 [Hemingway's Code, sections 2415 to 2417, inclusive]), appellants were given a lien on the lumber so hauled and delivered by them for appellee for the price the latter contracted to pay therefor. The statute involved is in the following language:

"Sec. 2415—1.   That every employee or laborer of a person, partnership, or a corporation engaged in operating a sawmill, planing mill, or in cutting and shipping (or rafting) timber, shall have a lien on all such lumber and timber of his employer, for his wages due by such employer, in preference to all other debts due and owing from the owner thereof.   But such lien shall take effect as to purchasers or incumbrancers for a valuable consideration, without notice thereof, only from the time of commencing suit to enforce the lien.

"Sec. 2416—2.   That the lien herein provided may be enforced and trial and judgment had in the same manner as the lien for purchase money is enforced under the provisions of the chapter on lien for purchase money of goods.

"Sec. 2417—3.   That the lien hereby created shall expire three months after the claim is due unless judicial proceedings have commenced to assert it."

It will be noted that the lien provided by the statute is given to "every employee or laborer" for his wages due by his employer.   *Williams* y. *Electric Light Co.*, 53 So. 958, 98  Miss. 468, Ann. Cas. 1913B, 137; *Heard* v. *Crum,* 18 So. 934, 73 Miss. 157, 55 Am. St. Rep. 520; *Williams* v. *Link,* 1 So. 907, 64 Miss. 641, relied on by appellant, were all cases dealing with statutes using the word "laborer."   They are therefore not in point, unless in the statute here involved the words "employee" and "laborer" were used as synonymous terms.   Appellee argues that they were used in the statute in that sense because the statute refers to the compensation to be received by such employee or laborer as "wages."   "Employee" is a broader term than "laborer."   It is true a laborer doing manual labor for another is an employee.   In *Moore* v. *Heaney,* 14 Md. 558, 562, the court construed a statute exempting "the wages or hire of a laborer or other employee."   The court held that a laborer, engaged in services under a contract for compensation, is an employee, but that the statute meant to include others than mere laborers, because the word

"laborer" in the statute was followed by the words "or other employees." The court said:

"Surely, in this was meant more than laborer, or else, why, after using that word, add those which follow? If they only mean persons who are included within the meaning of the word 'laborer,' they were mere tautology and useless."

We are of the opinion that the word "employee" was used in our statute advisedly; that the legislature meant to include a larger class than mere laborers. We do not think the word "wages," used in the statute, is determinative of this question. The compensation of an employee, both in statutes and decisions of the courts, is often referred to indifferently as salary or wages. In *Palmer* v. *Van Santvoord,* 47 N. E. 915, 153 N. Y. 612, 38 L. R. A. 402, the court held that an employee was one who worked for an employer; a person working for a salary or a wage; that the word "employee" applied to any one doing work, but usually only to clerks, workmen, laborers, etc.; that it was a term rarely applied to higher officers of a government or corporation.

Appellants, in hauling the lumber for appellee, were not acting in the capacity of independent contractors. An independent contractor is one who contracts to do certain work according to his own methods, and without being subject to the control of his employer except as to the result of his work. *Powell* v. *Virginia Const. Co.,* 13 S. W. 691, 88 Tenn. 692, 17 Am. St. Rep. 925. Appellants did not come within that definition. Their services were directed by appellee as to what lumber they should haul and where it should be delivered. Appellants undertook alone to load the lumber on their trucks at the mill, haul it to the ramps at the railroad in Purvis, and there check the amounts and unload it on the ramps, for which they were to receive three dollars per thousand feet. Appellants were his employees and not independent contractors. We conclude therefore, that

appellants were entitled as security for their wages to the lien given by the statute on the lumber hauled by them.

*Reversed, and judgment here for appellants.*